UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

MARK A. CHABAN,                           Case No. 2:14-cv-14559

     Debtor-Appellant.                  HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER AFFIRMING
THE DECISION OF THE BANKRUPTCY COURT**

The matter before the Court is an appeal from a bankruptcy court decision. The appeal concerns state court sanctions entered against the debtor, Mark Chaban, while he served as counsel in a state case. Chaban filed for bankruptcy during that case, and a state court issued sanctions against him for vexatious appeals. Chaban, claiming that the sanctions violated the automatic stay provided by bankruptcy, brought a motion for sanctions against the presiding judge in the state matter, Chaban's opponent, and opposing counsel (Judge Susan Borman, Bob Woodward, and Ryan Hill, respectively) in the district's Bankruptcy Court.

The bankruptcy court determined that the sanctions for vexatious appeals issued by Judge Borman fell under the police power exception to the automatic stay of actions against a debtor in bankruptcy. 11 U.S.C. § 362(b)(4). The bankruptcy court also found that even if the sanctions had violated the stay, Judge Borman would be protected by judicial immunity. On appeal, Chaban argues that the police powers exception does not apply, and that Judge Borman is not protected by judicial immunity because she acted absent jurisdiction. As set forth below, the Court affirms the bankruptcy court's decision.[1]

---

[1] No hearing was necessary, or held, in this appeal.

## BACKGROUND

In the summer of 2014, Chaban was representing his brother-in-law in a long-running Wayne County eviction dispute against Woodward, who was and remains represented by Hill. Judge Borman presided over the case. On June 26, 2014, Hill filed a motion for sanctions against Chaban for vexatious appeals. On July 24, 2014, Chaban filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. The court held oral argument on the eviction case the following day, July 25. During the hearing, Chaban notified the court that he had filed for bankruptcy.

Oral argument continued on August 1, 2014. Chaban reiterated that he had filed for bankruptcy and insisted that an automatic stay was in place, and that the court could not enter sanctions against him. Hill requested and was given permission to argue the motion for sanctions, anyway, and he was successful: Judge Borman awarded $12,562.50 in costs and the same amount in punitive damages, for a total of $25,125.00 in sanctions. Judge Borman noted that the sanctions were entered against both Chaban and his client, Christopher Schwartz, but that the award was "stayed" against Chaban. "Defendant Christopher Schwartz shall have 28 days to pay the sanction award. Attorney Mark Chaban is currently in Bankruptcy, and sanction award may be stayed against him only." Order, *Woodward v. Schwartz*, (No. 13-012157) (Cir. Ct. Wayne Cnty. Aug. 4, 2014), ECF No. 1.[2] Schwartz did not pay within the time designated, so Hill requested a show cause order, which the court granted.

---

[2] Despite the language staying enforcement of the sanctions against him, Chaban alleges that the entry of the sanctions itself violated the stay. Appellant's Br. at 9, ECF No. 4.

On September 17, 2014, Chaban filed a Motion to Enforce Automatic Stay with the bankruptcy court, alongside a request for sanctions against Woodward, Hill, and Judge Borman for allegedly violating the stay through the sanctions and show cause order. Judge Borman then issued an order on October 1, clarifying her sanctions order by confirming that the sanctions could not be collected from Chaban while the stay was in place.

Oral argument on Chaban's motion was held on October 23, 2014, before the bankruptcy court. That court identified the primary issue as whether or not the sanctions against Chaban came within the police powers exception of 11 U.S.C. § 362(b)(4), and the secondary issue as whether Judge Borman would be immune if there had been a violation of the stay. The bankruptcy court held, in a bench order, that the vexatious appeal sanctions did fall within the police powers exception, and therefore did not violate the stay. The court further determined that, although it did not need to reach the question, Judge Borman was protected from the alleged liability by judicial immunity. Chaban has appealed the entire bankruptcy decision.

## STANDARD OF REVIEW

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). The Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.)*, 213 F.3d 917, 920 (6th Cir. 2000).

## DISCUSSION

Chaban presents two issues on appeal: (1) whether an order issuing "appellate sanctions in state court . . . in favor of a private party, fall[s] within the police power exception to the automatic stay," and (2) whether "a state court judge enjoy[s] judicial

3

immunity when she violates the automatic stay . . . to grant compensation to a private party." Appellant's Br. at vii, ECF No. 4. The Court will affirm the bankruptcy court's decision and answer both questions in the affirmative.

I.  The Sanctions Fall Under the Police Powers Exception

11 U.S.C. § 362 provides that when a debtor files for bankruptcy, the filing acts as a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . ." 11 U.S.C. § 362(a)(1). The rationale behind the automatic stay is that before a trustee is appointed, a debtor may lack the proper incentive to defend against creditors' suits; once a trustee is appointed, the trustee "should be allowed to concentrate on marshaling the debtor's assets and preparing a plan of liquidation without the distraction of defending against a flurry of last-minute suits by disappointed creditors." *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993). There are, however, exceptions to the automatic stay, including the police powers exception:

> [T]he commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power

is not prohibited by the automatic stay. 11 U.S.C. § 362(b)(4).[3]

To determine what acts qualify as police powers, the Sixth Circuit has employed two tests: the pecuniary purpose test and the public policy test. *See NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942 (6th Cir. 1986). Under the pecuniary purpose test, the court must determine whether a proceeding relates primarily to "the protection of the

---

[3] The entry of money judgments, but not their enforcement, is permitted under § 362(b)(4). *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 942–43 (6th Cir. 1986).

4

government's pecuniary interest in the debtors' property" as opposed to public health and safety. *Id.* Under the public policy test, a court is required to determine whether the proceeding is effectuating public policy or adjudicating private rights. *Id.* The question here, then, is whether the sanctions against Chaban "relate primarily to the protection of the government's pecuniary interest in the debtor's property, or to matters of public policy." *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000).

The sanctions against Chaban fall under the police powers exception. The Circuit Court of Wayne County is a governmental unit, and the court imposed sanctions to enforce its regulatory power to discourage frivolous litigation and conserve judicial resources. Judge Borman entered sanctions against Chaban, in favor of Woodward, to compensate for the costs of defending against Chaban's litigation and as a punitive measure. Judge Borman described Chaban's continued litigation as "one of the worst cases I've ever seen of delay and of filing appeals that are without merit." Hr'g Tr. at 13, *Woodward v. Schwartz*, (No. 13-012157) (Cir. Ct. Wayne Cnty. Aug. 1, 2014), ECF No. 1.

Moreover, the sanctions were awarded to Chaban's opposing party, rather than the court itself. The primary purpose was therefore not the government's pecuniary interest. "[T]he sanctions were entered to punish the appellant for his conduct and to protect the integrity of the court and the judicial process as opposed to adjudicating private rights." *Leonard v. RDLG, LLC*, 529 B.R. 239, 247 (E.D. Tenn. 2015); *see also In re Berg*, 230 F.3d at 1168. Accordingly, both tests are satisfied.

The state court vexatious appeal sanctions are analogous to Rule 11 sanctions. *See* Hr'g Tr. at 20, *In re Mark A. Chaban*, (No. 14-52133) (Bankr. E.D. Mich. Oct. 23, 2014), ECF No. 1. "[A] proceeding to impose sanctions under Rule 11 is exempt from the

5

automatic stay, pursuant to 11 U.S.C. § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers." *Alpern*, 11 F.3d at 690. If Rule 11 sanctions are exempt from the stay in federal cases, analogous state court sanctions should be exempt as well. "Just as federal courts' sanctioning authority under Rule 11 . . . is excepted from the automatic stay via section 362(b)(4), so also are the imposition of state court sanctions." *In re Betts*, 165 B.R. 233, 241 (Bankr. N.D. Ill. 1994). For all of these reasons, the state court vexatious appeal sanctions were exempt from the stay as police powers.

Chaban contends that sanctions sought by and awarded to a private party cannot be an exercise of police powers or effectuate public policy. Appellant's Br. at 6, ECF No. 4. His contention is incorrect. Although the sanctions were sought by a private party, they were issued by a governmental unit, the court. "There is no anomaly, given the long history of private enforcement of penal and regulatory law." *Alpern*, 11 F.3d at 690. The opposing party can be understood as an agent of the court. *Id. See also In re Dingley*, 514 B.R. 591, 600 (B.A.P. 9th Cir. 2014). The sanctions meet the requirements of 11 U.S.C. § 362(b)(4) and Sixth Circuit law. Woodward and Hill did not violate the stay in requesting them, and Judge Borman did nothing wrong in issuing them.

II.  Judge Borman Enjoys Judicial Immunity

The Court agrees with the bankruptcy court that Judge Borman did not violate the automatic stay. Even if she had, however, she would still not be liable for sanctions by virtue of her judicial immunity. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). There are only two sets of circumstances in which a judge's immunity is limited: when the judge's actions are not

made in a judicial capacity, or when a judicial action is taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

In issuing the sanctions, Judge Borman was acting in a judicial capacity. Chaban does not dispute the fact. Rather, Chaban argues that the second set of *Mireles* circumstances applies: that Judge Borman acted in the complete absence of jurisdiction. Appellant's Br. at 9, ECF No. 4. According to Chaban's argument, the automatic stay of § 362(a) completely removed all jurisdiction from Judge Borman, such that any action she took after the bankruptcy filing would not be immune. Appellant's Reply Br. at 3, ECF No. 7.

Chaban's argument lacks merit. Establishing a "complete absence of jurisdiction" requires clearing a very high hurdle, which was not accomplished in this case. "[T]he term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 649 (6th Cir. 2014). Furthermore, there is a difference between acting in the complete absence of jurisdiction and acting in excess of jurisdiction. *Id.*; *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). When a judge acts in excess of their jurisdiction, the judge's actions remain immune.

When Judge Borman issued the sanctions against Chaban, she did so in furtherance of the court's authority to enforce its policy and discipline. Accordingly, even if Judge Borman had violated the stay, she merely would have acted in excess of jurisdiction and her immunity would remain intact. A number of decisions from across the country hold that court officials who violate the automatic stay remain protected by judicial immunity. *See Ryan v. Cholakis*, No. 1:13-cv-1451, 2014 WL 803776 at *2 (N.D.N.Y. Feb. 25, 2014); *Burton v. Infinity Capital Mgmt.*, No. 2:11-cv-1129, 2012 WL 607417 at *11 (D. Nev. Feb.

7

24, 2012); *In re Perry*, 312 B.R. 717, 719 (Bankr. M.D. Ga. 2004); *In re Womack*, 253 B.R. 241, 243 (Bankr. E.D. Ark. 2000). Thus, Judge Borman is immune from suit, as the bankruptcy court correctly noted.[4]

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 25, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

---

[4] Appellee's response brief and Appellant's reply brief discuss a potential Eleventh Amendment defense. Because the Court does not need to address the question of defenses for Judge Borman, the arguments are not considered in this order.