# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: May 9, 2016

Mr. Mark Anthony Chaban
Law Office of Mark Chaban
199 N. Main Street
Suite 112
Plymouth, MI 48170

Mr. Ryan E. Hill
Law Office
407 E. Fort Street
Suite 103
Detroit, MI 48226

Re:  Case No. 15-2148, *In re: Mark Chaban, et al v. Bob Woodward, et al*
Originating Case No. : 2:14-cv-14559

Dear Counsel:

   The Court issued the enclosed Order today in this case.

                              Sincerely yours,

                              s/Jeanine R. Hance
                              Case Manager
                              Direct Dial No. 513-564-7037

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 15-2148

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| In re: MARK CHABAN,<br><br>    Debtor.<br>_____<br><br>MARK CHABAN,<br><br>    Appellant,<br><br>v.<br><br>BOB WOODWARD; RYAN HILL,<br><br>    Appellees. | **FILED**<br>May 09, 2016<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

O R D E R

Before: SUHRHEINRICH, DAUGHTREY, and ROGERS, Circuit Judges.

Mark Chaban, a *pro se* bankruptcy debtor from Michigan, who is also an attorney, appeals the district court's order affirming the bankruptcy court's ruling that a state court's imposition of sanctions against Chaban did not violate the automatic stay. Chaban also moves this court to stay the lower court proceedings. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

The district court recounted the factual background. *Matter of Chaban*, No. 2:14-CV-14559, 2015 WL 5026079, at *1-2 (E.D. Mich. Aug. 25, 2015). Chaban was representing his brother-in-law in a long-running state-court eviction case before Judge Susan Borman against Bob Woodward, who was represented by Ryan Hill. In June 2014, Hill moved for sanctions

against Chaban for filing vexatious appeals. In July, Chaban filed a personal bankruptcy petition under Chapter 7 of the Bankruptcy Code. When Hill sought oral argument on his motion for sanctions, Chaban informed Judge Borman of his bankruptcy filing and asserted that the automatic stay prevented the court from entering sanctions against him. *See* 11 U.S.C. § 362. Nevertheless, Judge Borman granted Hill's motion and awarded him $24,525 in sanctions against Chaban and his client, representing Hill's costs and an equal amount in punitive damages. The court's order noted that the sanctions may be stayed against Chaban in light of his bankruptcy proceeding. When neither Chaban nor his client satisfied the award, and when Chaban violated another order directing him to post bond to appeal, Judge Borman issued an order to show cause.

Chaban then filed a motion in his bankruptcy proceeding to enforce the automatic stay and for sanctions against Woodward, Hill, and Judge Borman for violating the automatic stay. Judge Borman later issued an order amending the court's show-cause order to note, as her previous order had stated, that the sanctions could not be enforced against Chaban while he was still in bankruptcy. The bankruptcy court held oral argument and issued an oral ruling denying Chaban's motion, followed by a short order to that effect. The bankruptcy court held that the state court's sanctions orders were permitted by the police-powers exception to the automatic stay, 11 U.S.C. § 362(b)(4). Chaban appealed to the district court, which affirmed the decision for the reasons cited by the bankruptcy court. *Chaban*, 2015 WL 5026079, at *2-4.

Chaban now appeals the district court's ruling. He argues that his bankruptcy petition deprived the state court of jurisdiction to enter the sanctions orders against him because those orders benefited a private party and thus did not fall under the police-powers exception to the automatic stay. The parties stipulated that the appeal be dismissed as to Judge Borman.

"We review the bankruptcy court's decisions directly, reviewing its factual findings for clear error and its legal conclusions de novo." *In re Vill. Green I, GP*, 811 F.3d 816, 818 (6th Cir. 2016).

Filing a bankruptcy petition "operates as a stay . . . of . . . the commencement or continuation, including the issuance or employment of process, of a judicial . . . action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). But the automatic stay does not prevent

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

11 U.S.C. § 362(b)(4). We apply two tests to determine whether an action falls under this police powers exception: the pecuniary purpose test and the public policy test.

> Under the pecuniary purpose test, reviewing courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety. Those proceedings which relate primarily to matters of public safety are excepted from the stay. Under the public policy test, reviewing courts must distinguish between proceedings that adjudicate private rights and those that effectuate public policy. Those proceedings that effectuate a public policy are excepted from the stay.

*Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 385-86 (6th Cir. 2001) (citation omitted).

The state court imposed sanctions against Chaban and his client for his repeated abusive litigation tactics, including filing vexatious appeals. Though the amount of sanctions was based on Hill's costs in defending the meritless appeal, the court doubled it as "punitive damages."

Applying the pecuniary purpose and public policy tests, the state court's imposition of sanctions was excepted from the automatic stay under § 362(b)(4). The sanctions did not protect some government interest in Chaban's property or adjudicate rights between the parties; the state court imposed sanctions to carry out its public policy of punishing vexatious litigation tactics. Hill and his client benefitted, to be sure, but that does not change the fact that the court's purpose was to enforce its "police or regulatory power," that is, to punish Chaban for using abusive methods and to protect the court system by deterring him and others from using similar tactics in the future. *See In re Berg*, 230 F.3d 1165, 1168 (9th Cir. 2000) (holding that sanctions imposed by the Bankruptcy Appellate Panel against an attorney fell under the § 362(b)(4) exception to the

2:14-cv-14559-SJM-RSW Doc # 123-2 Filed 05/09/16 Pg 5 of 5    Pg ID 4392    (5 of 5)
Case: 15-2148    Document: 37    Filed: 05/06/2016    Page: 5

No. 15-2148
- 4 -

automatic stay); *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) (holding same for Rule 11 sanctions).

Chaban also moves for an order staying the district court's and bankruptcy court's orders on appeal here. But because those orders will be affirmed, his motion to stay will be denied.

Accordingly, the district court's order is **AFFIRMED**, and Chaban's motion to stay is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk